UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**CRAIG WILLIAMS,**                                                        Case No.

    **Plaintiff,**

v.

**HOBBY LOBBY STORES, INC,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, CRAIG WILLIAMS, hereby sues Defendant, HOBBY LOBBY STORES, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Section 11(c)(1) of the Occupational Safety and Health Act of 1970 ("OSHA").

2. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with damages, costs, attorney's fees, and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, CRAIG WILLIAMS, has been a resident of the State of Georgia and was employed by Defendant.

4. At all times pertinent hereto, Defendant, HOBBY LOBBY STORES, INC., has been organized and existing under the laws of the State of Georgia. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant has been Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff was hired by Defendant as a part-time worker in the seasonal department in December 2009.

7.     In 2010, Plaintiff traveled to Defendant's location in Daytona, Florida to set up a new location by assembling store displays and arranging merchandise. After this 21-day project ended, Plaintiff was promoted to a Department Head at his regular location in Albany, Georgia. Plaintiff held this position at the time of his wrongful termination on January 29, 2018.

8.     Plaintiff consistently received good evaluations, yearly raises, and yearly bonuses for his superior work.

9.     During the course of his employment with Defendant, Plaintiff was made aware of how to take safety precautions to avoid injury. Each month, Plaintiff and other employees watched Defendant's safety instructional videos. The videos detailed many safety measures that constituted company policy, including that employees were to use a hydraulic pallet jack when moving heavy pallets.

10.    On January 26, 2018, Plaintiff was asked by the store manager, Frank Wilkerson, to move a pallet loaded with empty boxes. Plaintiff estimates the pallet weighed approximately 250 to 300 pounds.

11. Plaintiff had no objection to moving the pallet by using a hydraulic pallet jack as an assistive device. But store manager Wilkerson refused and demanded that Plaintiff drag the pallet using only his hands. Wilkerson specifically refused to allow Plaintiff to use the hydraulic device. The task would have required plaintiff to drag the extremely heavy pallet between 75 and 100 feet to the front of an empty semi tractor-trailer backed up to the dock.

12. Plaintiff reasonably believed that performing the task manually would have caused him severe injury, including but not limited to a heart attack, stroke, or serious injury to his spine, neck, back, shoulders, rotator cuffs, hands and legs.

13. Plaintiff respectfully advised the store manager that he would move the pallet but could not do so manually out of fear of being injured. Wilkerson continued to insist that Plaintiff perform the task manually. Plaintiff did not know of any other employee ever being asked to move heavy pallets without the hydraulic lift.

14. On January 29, 2018, Wilkerson called Plaintiff into his office in the morning for a meeting, with his Assistant Melissa Herrington in attendance. Wilkerson reprimanded Plaintiff verbally and in writing, stating that Plaintiff was purportedly insubordinate for refusing to move the 250-300 pound boxes manually. Wilkerson stated, "You do what I tell you, or you'll be replaced." Plaintiff responded and told Wilkerson that he was just following the safety video's instructions. Plaintiff asked for the name of an individual he could speak to in Human Resources. Wilkerson responded that he could find the name himself. Wilkerson then wrongfully terminated Plaintiff. At the end of the meeting, Plaintiff received the name of the Human Resources District Manager.

15. Plaintiff reported the incident to District Manager Kenneth Eckerson via phone. Eckerson instructed Plaintiff to send him an email, detailing the incident that resulted in his termination. Plaintiff sent the appropriate email, but never received a response from Eckerson. To date, Plaintiff has not received any communication from Defendant or a valid reason for his termination.

16. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws cited herein.

## COUNT I
## VIOLATION OF SECTION 11(C)(1), OSHA

17. Paragraphs 1-16 are incorporated herein by reference.

18. This is an action brought under section 11(c)(1) of the Occupational Safety and Health Act of 1970 (OSHA).

19. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff respectfully chose not to perform an assigned task or assigned tasks because of a reasonable apprehension of death or serious injury, coupled with a reasonable belief that no less drastic alternative was available.

20. After Plaintiff objected and chose not to perform the task(s), Defendant terminated him.

21. The task(s) demanded of Plaintiff violated his rights under OSHA and violated the referenced section because discharge for his decision was unlawful.

22. As a direct and proximate cause of Defendant's violation of OSHA, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to injunctive relief and punitive damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 21at day of March 2018.

                Respectfully submitted,

                */s/ James Garrity*
                James Garrity (GBN 121837)
                MARIE A. MATTOX, P. A.
                310 East Bradford Road
                Tallahassee, Florida 32303
                Telephone:  (850) 383-4800
                Facsimile:   (850) 383-4801
                ATTORNEYS FOR PLAINTIFF